# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-4056-01-CR-C-NKL |
| ) | |
| DARYL MILES BROWN, ) | |
| ) | |
| Defendant. ) | |

## REPORT, RECOMMENDATION AND ORDER

On October 21, 2008, defendant Daryl Miles Brown filed a pro se motion to renew his request to abate this criminal case.[1] Defendant's motion adds nothing of substance to his previous filing which was denied on October 6, 2008. Rather, defendant asserts frivolous claims that this court "took a Form 61 commissioner's oath of office as a DOJ employee, is selling prison bonds on Defendant, and is not an Article III judge." Defendant asserts "[s]uch conflicts are violations," and '[t]he court has failed to abate the case as is required by law." Defendant's motion to abate lacks any legal basis and should be denied as frivolous. Defendant's alternative request that if his motion to abate is denied, that his case be immediately forwarded to the United States Court of Appeals for the Eighth Circuit is just as frivolous, and therefore, should also be denied.

On November 18 and 19, 2008, defendant Brown filed a "Request For Dismissal Of The Case Or For Move To Constitutional Side Of The Court," and "Notice of Structural Error." In defendant's request for dismissal, he argues, as in prior motions, that there is a "lack of jurisdiction and lack of an Article III court," and that his proceedings in this case are, in fact, taking place in "an administrative court," and that his case should be dismissed or his case "moved to the Constitutional side of the court for further proceedings." In defendant's

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

notice of structural error, he asserts that structural error has already been created in this case, "including concealment of evidence by the prosecutor, with the assistance of the court, and judicial bias which is established on the record, is established as structural error in the case, requiring dismissal with prejudice of the indictment of the Defendant and immediate relief of Defendant." Defendant's request for dismissal or for a move to the constitutional side of the court, and notice of structural error, lack any legal basis and are frivolous. These motions should be denied.

On November 13, 2008, defendant Brown filed a motion demanding subpoenas for trial witnesses, identifying the District Court Judge, Magistrate Court Judge, United States Attorney of record, as well as defendant's former attorney of record and others, if needed.

Defendant's request to subpoena the undersigned and the district judge lacks a legal basis, and further, the court notes that all proceedings in this case have been on the official record, and are available to defendant if needed at trial. The court further finds no legal basis to subpoena defendant's former attorney of record because the court fails to see how defendant's former attorney will provide admissible evidence as to whether defendant is innocent or guilty of the crimes charged in the indictment against him. To the extent defendant seeks a subpoena for the Assistant United States Attorney of Record, such subpoena is also without legal basis and is unnecessary. The Assistant United States Attorney prosecuting this case will be present at defendant's criminal trial. To the extent defendant seeks further blank subpoenas, such request will be denied. If defendant requires further subpoenas, he may submit a request for subpoenas specifically identifying the persons to be subpoenaed and the relevance of their testimony to this case.

On November 13, 2008, defendant Brown also filed a "Demand For Affidavit Of Independence From The Judge." This filing requests the "judge of this case state on the record her independence according to 28 U.S.C. section 455, et seq., and the Constitution of the United States, her ability to conduct these trial proceedings without bias, and the supporting facts that allow this trial to proceed with this judge on the bench." This demand is frivolous, and was previously denied in a similar motion filed by defendant titled "Demand for Bona Fides of District Court Judge."

2

IT IS, THEREFORE, ORDERED that defendant Brown's pro se filings titled Demand For Affidavit of Independence From the Judge and Demand for Subpoenas are denied. [159, 160]  It is further

RECOMMENDED that defendant Brown's pro se filings to dismiss and for order to abate be denied. [150, 163]

Dated this 24th day of November, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge