## IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  **Case No.: 05-4056-01-CR-C-NKL**

**DARYL MILES BROWN**

**USM Number: 18237-045**

Bryan Scheiderer, CJA
901 N. Pine St., Ste. 308
Rolla, MO 65401

_____

## AMENDED JUDGMENT IN A CRIMINAL CASE

**Date of Original or Last Amended Judgment:**  **November 20, 2009**

**Reason for Amendment:**

Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

The defendant was found guilty on Count 1-12, 14 & 15 of the Third Superseding Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 1343 & 1349 | Wire Fraud | September 15, 2005 | 1sss-7sss |
| 18 U.S.C. 2314 & 2 | Causing Interstate Travel in Execution of Scheme to Defraud | September 15, 2005 | 8sss & 9sss |
| 18 U.S.C. 1957 & 2 | Monetary Transactions in Criminal Derived Property | September 15, 2005 | 10sss-12sss |
| 18 U.S.C. 1957 & 2, 1956(h) | Conspiracy to Commit Money Laundering | September 15, 2005 | 14sss |
| 18 U.S.C. 1957 & 2, 1956(h) | Conspiracy to Commit an Offense Against the United States | September 15, 2005 | 15sss |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s) 13sss. All other Counts are dismissed.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: November 12, 2009

_____Nanette Laughrey_____
NANETTE LAUGHREY
UNITED STATES DISTRICT JUDGE

April 28, 2010

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **180 Months**. 180 Months on Counts 1-7, 14 & 15 of the Third Superseding Indictment and 120 Months on Counts 8-12 of the Third Superseding Indictment, all to run concurrent.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL


By:_____
Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years each on Counts 1-12, 14 & 15 of the Third Superseding Indictment, all to run concurrent.**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.   The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1.      The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.      The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.      The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.      The defendant shall support his or her dependents and meet other family responsibilities;

5.      The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.      The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7.      The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.      The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.      The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10.      The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.      The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervision:

1.     The defendant shall pay any restitution balance during the first **34 months** of supervision on the schedule set by the Court.

2.     The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the Probation Office.

3.     The defendant shall provide the Probation Officer access to any requested financial information.

4.     The defendant shall not be employed in any position in which there is a fiduciary obligation.  This includes, but is not limited to, acting as an escrow agent, trustee, of any trust, or any position that gives the defendant access to other persons' money or financial assets.

5.     All work performed by the defendant as an independent contractor or self employment shall be approved in advance by the US Probation Office.  All payment for work performed by the defendant shall be paid to the defendant in the defendant's name.

6.     The defendant shall submit his person, residence, office or vehicle to a search, conducted by a US Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

### ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____     _____
Defendant                                                                      Date

_____     _____
United States Probation Officer                               Date

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | *Total Restitution |
|---|---|---|
| $1,400.00 | $ | $1,567,728.00 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

You are hereby ordered to begin payment immediately and continue to make payments to the best of your ability until this obligation is satisfied. While in custody you are directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon your release from custody you shall adhere to a payment schedule as determined by the Probation Office.

| Name of Payee | Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| James D. Fields | $50.000.00 | $50,000.00 | |
| James A. Fields | $100,000.00 | $100,000.00 | |
| Michael Trom | $175,000.00 | $175,0000.00 | |
| Al & Patricia Reitz | $50,000.00 | $50,000.00 | |
| Tana S. Cutcliff | $50,000.00 | $50,000.00 | |
| Joshua P. Haeflinger | $100,000.00 | $100,000.00 | |
| LaDonna S. Henderson | $292,728.00 | $292,728.00 | |
| Terry J. Schippers | $50,000.00 | $50,000.00 | |
| James D. Teegarden, II | $50,000.00 | $50,000.00 | |
| Lanny D. Messersmith | $250,000.00 | $250,000.00 | |
| Alan B. Love | $100,000.00 | $100,000.00 | |
| Luther Gutnecht | $50,000.00 | $50,000.00 | |
| Bryon Rafnson | $50,000.00 | $50,000.00 | |
| Maristella Borges | $50,000.00 | $50,000.00 | |
| Robert McNally | $100,000.00 | $100,000.00 | |
| Matthew Alan Lebenborn | $50,000.00 | $50,000.00 | |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The Court has determined that the defendant does not have the ability to pay interest, and it is ordered that:

The interest requirement is waived for the restitution.

Note: Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

* See separate Restitution Judgement for further details

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A lump sum payment of the $1,400.00 Special Assessment is due immediately.

A lump sum payment of the $1,567,728.00 Restitution is ordered due immediately.  If unable to pay the full amount immediately, the defendant shall make payments at least 10 percent of earnings while incarcerated and monthly payments of $500.00 or 10 percent of gross income, whichever is greater, while on supervision.

While restitution is still owed, the defendant shall notify the US Attorney of any change of residence within 30 days and notify the Court and US Attorney when there is a material change in the defendant's economic circumstances.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several

No further payment shall be required after the sum of amounts paid by the following defendants has fully compensated the victims:

Daryl Miles Brown (Case No. 05-4056-01-CR-C-NKL), Dennis Dale Cole, III (Case No. 06-4024-01-CR-C-NKL), & Bud Allen Wofford (Case No. 06-4057-01-CR-C-NKL).